UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16CR552 HEA/NCC |
| ) | |
| MELVIN HARMON, ) | |
| ) | |
| Defendant. ) | |

**ORDER, MEMORANDUM, AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Pending before the Court are pretrial motions filed by defendant Melvin Harmon. They include 1) Motion to Suppress Statements (Docket No. 41); 2) Motion for Notice of Intent to Use and Description of 404(b) and 609 Evidence (Docket No. 42); 3) Request for Disclosure (Docket No. 43)[1]; 4) Motion for Disclosure of Favorable Evidence (Docket No. 44); and 4) Motion to Preserve Memoranda Relating to Interviews of Witnesses and to Require Law Enforcement Authorities to Preserve Their Rough Notes, Rough Drafts, and Similar Materials (Docket No. 45).

The government filed its Response to Defendant's Motion to Suppress (Docket No. 51) and an evidentiary hearing was held on May 9, 2017 before the undersigned. Following the hearing, the Court ordered the government to file a written response to Defendant's Motion for

---

[1] The parties agree that defendant Harmon's motion for expert disclosure is intended for consideration by District Judge Henry E. Autrey at a time closer to trial.

Disclosure of Favorable Evidence (Docket No. 44), and Motion to Preserve Memoranda Relating to Interviews of Witnesses and to Require Law Enforcement Authorities to Preserve Their Rough Notes, Rough Drafts, and Similar Materials (Docket No. 45).  On May 19, 2017, a transcript of the Evidentiary Hearing was filed with the Court (Docket No. 56).  On May 23, 2017, a status hearing was held and the parties were granted additional time to file post-hearing briefs.  On May 30, 2017, defendant Harmon notified the court that upon review of the transcript, defendant would rely upon his prior suppression motion.  The government has not filed any additional response.

Based on the evidence and testimony adduced, as well as a review of the transcript of the hearing in this matter; and having had an opportunity to evaluate the credibility of the witness and to observe his behavior, the undersigned makes the following finds of fact and conclusions of law.

**FINDINGS OF FACT**

In March 2015, defendant Melvin Harmon worked as an employee of the Illinois Secretary of State's driver's license facility in Granite City, Illinois.  On March 17, 2015, Harmon was interviewed at work by inspectors Randy Blue and Timothy Young with the Illinois Inspector General's Office.  Inspectors Blue and Young are administrative officials who do not have police powers.  They lack the authority to make arrests and they do not administer *Miranda* warnings when conducting internal investigations of state employees and agencies.  They do have certain administrative powers when conducting an investigation.  As such, Illinois Inspector General's Office employees can compel a state employee to speak to them about an investigation.  The penalty for failure to comply with the Inspector General's Office is

2

administrative punishment, ranging from a letter of counseling to possible termination of state employment.

The investigation and interview of defendant Harmon occurred on March 17, 2015 after his facility manager complained to administrative authorities about irregular transactions conducted by Harmon in his official capacity. The government's witness testified at the hearing that management's concern was that Harmon was involved in issuing fraudulent Illinois addresses to Missouri residents to facilitate the registration of a title or vehicle in neighboring Illinois where license fees and taxes are lower.

The interview occurred in the presence of another union member in a room where Harmon sat close to the door. Inspectors told Harmon that he was free to leave the interview or terminate it at any time. Inspectors also told him that the purpose of the interview was to determine whether he had violated Illinois state employment policies and procedures. Defendant Harmon was not in custody at the time the March 17, 2015 interview occurred. Inspectors Blue and Young are not law enforcement, and no law enforcement officers requested that Inspectors Blue and Young interview defendant Harmon.

In October 2015, Donald Thierry, who is an investigator with the Illinois Secretary of State Police, was referred a criminal complaint about defendant Harmon, based in part on the March 17, 2015 interview conducted by Inspectors Blue and Young. Investigator Thierry's duties include monitoring activities at car dealerships, involving title transactions, and registrations. He routinely conducts internal investigations of state employees and agencies and pursues allegations concerning state employees who process more license transactions than are allowed. He was the government's witness at the evidentiary hearing in this case.

Investigator Thierry was not present for the interview of defendant Harmon conducted by Inspectors Blue and Young.  Thierry reviewed their report.

## DISCUSSION

**<u>Defendant Harmon's Motion to Suppress Statements (Doc. No. 41)</u>**

Defendant Harmon argues that his right to remain silent was violated on March 17, 2015 by Inspectors Blue and Young, and that any statement he made was not voluntary.  The government counters that defendant Harmon made voluntary statements when interviewed and he was not under arrest and, therefore, not entitled to warnings under *Miranda v. Arizona*, 384 U.S. (1966).  For the reasons stated below, the court finds that defendant Harmon was not in custody on March 17, 2015, nor was he under arrest when he made a statement.

Under the Fifth Amendment, "[n]o person … shall be compelled in any criminal case to be a witness against himself."  U.S. Const. Amed. V.  When a defendant is both in custody and interrogated, he must be advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  "Officers must provide Miranda warnings to suspects in custody because 'the inherently coercive nature of custodial interrogation blurs the line between voluntary and involuntary statements."  *United States v. Diaz*, 736 F.3d 1143, 1148 (8th Cir. 2013) (quoting *J.D.B. v. North Carolina*, 564 U.S. 261, 269 (2011) (internal quotation marks omitted)).  *See United States v. Crisolis–Gonzalez*, 742 F.3d 830, 836 (8th Cir. 2014) ("Interrogation in the Miranda context refers to express questioning and to words or conduct that officers should know is reasonably likely to elicit an incriminating response from the suspect." (quotation omitted)).

The Illinois inspectors are not police officers.  There is no evidence that they were acting on behalf of law enforcement and Investigator Thierry's involvement began in October 2015. Inspectors Blue and Young told defendant that their questioning was based on administrative

4

policy and that he was free to leave the room at any time. And another union member was present. He was not restrained nor was he arrested. *See, e.g., United States v. Jenkins-Watts,* 574 F.3d 950 (8th Cir. 2009)("We find no clear error in the district court's factual finding that the bank investigators were private citizens, not law enforcement officers, and affirm its legal conclusion that *Miranda* warnings were thus not required. *See United States v. Garlock,* 19 F.3d 441, 442–44 (8th Cir. 1994) (holding that the defendant failed to show that the private persons acted as an instrument or agent of the government and thus there could be no *Miranda* violation)"). *See United States v. Hudkins*, 2009 WL 484363 at *2 (Dist. Nebraska Feb. 20, 2009)(reasoning that telephone interview with employer's counsel about defendant's alleged fraud did not convert counsel into undercover law enforcement officer for due process purposes). *See also, United States v. Mshihiri,* 816 F.3d 997, 1004 (8th Cir. 2016)("[T]he agents informed Mshihiri that he was not under arrest, Mshihiri entered the interview room voluntarily and was seated closest to the door throughout the questioning, the agents were dressed in casual clothing and did not display their weapons, most of the forty-minute interview was calm and conversational, and Mshihiri was never handcuffed or placed under arrest.").

As such, the undersigned need not determine whether defendant Harmon's statements were voluntary for *Miranda* purposes. Even so, there is no evidence that he was unable to understand the nature of the questions posed to him or why he was asked those questions. No strong-arm tactics were used to coerce him. All of this suggests that Harmon understood what was said to him and his responses to questions were intelligent and freely given, even though inspectors may have told him that he was compelled to comply with their interview request based on administrative policy or state law. The record does not support a finding that the inspectors coerced defendant Harmon to speak to them about the alleged irregularities in his

5

processing motor vehicle registrations. Thus, defendant Harmon's motion to suppress should be denied.

**Motion for Notice of Intent to Use and Description of 404(b) and 609 Evidence (Docket No. 42)**

Defendant Harmon requests any evidence the government intends to introduce against him regarding "bad acts" not charged in the Indictment as well as evidence pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence. Defendant then expands the request to include such evidence the government intends to offer against any party charged in the Indictment and any co-conspirator regardless of whether any co-conspirator is charged in the Indictment. Harmon is charged in Count 1 a conspiracy to defraud. Counts 2 and 3 allege mail fraud. The government has not responded to defendant Harmon's motion.

The government must provide defendant Harmon with notice of its intent to offer any evidence at trial pursuant to Federal Rules of Evidence 404(b) and 609. Rule 404(b) evidence, the rule states in part that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial or during trial if the court excuses the pretrial notice on good cause of the general nature of any such evidence it intends to introduce at trial." Rule 404(b), Federal Rules of Evidence. Because defendant has requested this information, the government must provide to defendant the general nature of any evidence it intends to attempt to introduce under Rule 404(b). To the extent that Rule 609 evidence exists, of course, the government should produce it.

Therefore, the government shall provide to defendant Harmon, at least fourteen (14) days prior to the trial of this case, the general nature of the evidence of other crimes, wrongs or acts which it intends to attempt to introduce at trial.

**Motion for Disclosure of Favorable Evidence (Docket No. 44)**

A defendant is entitled to the disclosure of favorable, exculpatory and impeaching information. The Fifth Amendment to the U.S. Constitution provides that no person shall be deprived of liberty without due process. U.S. Const. amend. V. *See also Brady v. Maryland*, 373 U.S. 83 (1963). *Brady v. Maryland* holds that the prosecution has an affirmative duty to disclose evidence that is both favorable to an accused and material either to guilt or punishment, regardless of the good faith or bad faith of the prosecution. 373 U.S. at 87. To not so do violates due process. *Id. See also Smith v. Cain*, ___ U.S.___, 132 S. Ct. 627, 629-30 (2012); *Cone v. Bell*, 556 U.S. 449, 451-52 (2009); *Kyles v. Whitley*, 514 U.S. 434, 432 (1995); *United States v. Bagley*, 473 U.S. 667, 669 (1985); *United States v. Agurs*, 427 U.S. 97, 111 n.17 (1976); *United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008). The *Brady* exculpatory rule extends to evidence that may affect the credibility of government witnesses. *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Bagley*, 473 U.S. at 676; *United States v. Williams*, 194 F.3d 886, 889 (8th Cir. 1999)(*Brady* applies equally to impeachment evidence and exculpatory evidence). The Eighth Circuit has reasoned that the question of whether impeachment evidence is material for *Brady* purposes and, therefore, subject to mandatory disclosure, depends on whether the witness testifies at trial. *See United States v. Haskell*, 468 F.3d 1064, 1075 (8th Cir. 2006).

Additionally, a defendant has rights to certain information under Federal Rule of Criminal Procedure 16(c). Rule 16 sets forth the materials that the government must disclose that are within the government's possession, custody, or control and

> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

7

Therefore, defendant Harmon's motion is granted to the extent that the government shall provide to defendant the following material or information, if any exists, as to any person who it calls as a witness at trial in this case including:

1. The prior criminal history of convictions of the witness;

2. Any consideration offered or given to the witness in exchange for his/her testimony and/or cooperation in the investigation of the case; and

3. Any statement of the witness which relates to the subject matter about which he/she is to testify (Jencks Act Material).

To the extent that defendant's motion requests disclosure of such evidence, it should be granted. In all other respects, it should be denied.

**Motion to Preserve Memoranda Relating to Interviews of Witnesses and to Require Law Enforcement Authorities to Preserve Their Rough Notes, Rough Drafts, and Similar Materials (Docket No. 45)**

Finally, defendant Harmon requests that the Court order law enforcement authorities to retain any rough notes taken as part of their investigation.  The government does not oppose this motion and counsel has stated that the agents were instructed to maintain their notes.  The Eighth Circuit Court of Appeals has indicated that it is a preferable practice that rough notes be retained, irrespective of whether they might be discoverable by the defendant.  *See United States v. Leisure*, 844 F.2d 1347, 1361 n.10 (8th Cir.), *cert. denied*, 488 U.S. 932 (1988); *United States v. Hoppe*, 645 F.2d 630, 634 n.2 (8th Cir.), *cert. denied*, 454 U.S. 849 (1981) ("We do not condone any failure of the United States Attorney to direct [the agent] to preserve the notes.  If there were any evidence that he stood idle knowing that the notes were being destroyed, we might have a different case.").

8

Therefore, the defendant's motion should be granted insofar as the government is ordered to direct the investigating law enforcement officers to retain any presently existing rough notes made during the investigation of the matters alleged in the Indictment. If such notes constitute material required to be produced pursuant to 18 U.S.C. § 3500, or Rule 26.2, Federal Rules of Criminal Procedure, the defendant may request their production at the time of trial or other proceeding.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Melvin Harmon's Motion to Suppress Statements (Docket No. 41) **should be denied**.

**IT IS HEREBY ORDERED** that Defendant's Motion for Notice of Intent to Use and Description of 404(b) and 609 Evidence (Docket No. 42) **is granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Disclosure of Favorable Evidence (Docket No. 44) **is granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Preserve Memoranda Relating to Interviews of Witnesses and to Require Law Enforcement Authorities to Preserve Their Rough Notes, Rough Drafts, and Similar Materials (Docket No. 45) is **granted insofar as the government shall instruct law enforcement to preserve any rough notes, but is otherwise denied**.

**IT IS FINALLY ORDERED** that this cause is set for trial before United States District Judge Henry E. Autrey on **Monday, August 21, 2017, at 9:30 a.m.**

The parties are advised that they have fourteen (14) days to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for

good cause is obtained.  Failure to timely file objections may result in the waiver of the right to appeal questions of fact.  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Noelle C. Collins
United States Magistrate Judge

Dated this 5th day of July, 2017.